```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**LINDA C. DURBIN,**

        **Plaintiff,**

  vs.                                    **Civil Action 2:13-cv-910**
                                              **Judge Graham**
                                              **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits. This matter is now before the Court on *Plaintiff Linda C. Durbin's Statement of Specific Errors*, Doc. No. 10, and the *Defendant's Memorandum in Opposition*, Doc. No. 13. Plaintiff has not filed a reply.

Plaintiff Linda C. Durbin filed her application for disability insurance benefits on June 15, 2010, alleging that she has been disabled since January 15, 2010. *PAGEID* 137. The claim was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on April 17, 2012, at which plaintiff, represented by counsel, appeared and testified, as did George W. Coleman, III, Ph.D., who testified as a vocational expert. *PAGEID* 62. In a decision dated May 11, 2012, the administrative law

judge concluded that plaintiff was not disabled from January 15, 2010, through the date of the administrative decision. *PAGEID* 57. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on July 24, 2013. *PAGEID* 31.

Plaintiff was 52 years of age on the date of the administrative decision. *See PAGEID* 57, 137. Plaintiff was last insured for disability insurance purposes on September 30, 2012. *PAGEID* 46. Plaintiff has past relevant work as a department store inventory manager, tree trimming laborer, campground office clerk, receptionist, and personnel clerk. *PAGEID* 56. She has not engaged in substantial gainful activity since her alleged date of onset of disability. *PAGEID* 39.

**II. Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of fibromyalgia, dizziness, and left sensorineural hearing loss. *PAGEID* 46. The administrative law judge specifically found that plaintiff does not suffer a severe mental impairment. *PAGEID* 47. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform a full range of medium work as defined in 20 CFR 404.1567(c). Specifically, the claimant can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; sit, stand and/or walk a total of six hours in an eight-hour workday; cannot climb ladders, ropes or scaffolds; cannot tolerate concentrated exposure to noise and vibration and is precluded from commercial driving and

> working with or around moving machinery and unprotected heights.

*PAGEID* 49-50. The administrative law judge relied on the testimony of the vocational expert to find that plaintiff was able to perform her past relevant work as a receptionist and personnel clerk. *PAGEID* 56. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from January 15, 2010, through the date of the administrative decision. *PAGEID* 57.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667

F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *Longworth,* 402 F.3d at 595.

Plaintiff argues, *inter alia*, that the administrative law judge erred in evaluating the medical opinion of plaintiff's treating provider Caryn Theobald, M.D.  *Statement of Errors*, pp. 7-13.  Plaintiff specifically argues that the administrative law judge misapplied the regulations in evaluating Dr. Theobald's opinion and failed to provide good reasons for discounting the doctor's opinion.  *Id*.

The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(c)(2).  Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole.  20 C.F.R. § 404.1527(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009);

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Dr. Theobald treated plaintiff from at least January 2010 through January 2012, for, *inter alia*, vertigo, back pain, memory loss, ear problems, depression, and anxiety. *See PAGEID* 394 (January 2010), 390 (March 2010), 386 (April 2010), 384 (July 2010), 382 (September 2010), 380 (October 2010), 452-53 (January 2011), 449-51 (July 2011), 447 (January 2012). On March 29, 2012, Dr. Theobald completed a physical capacity evaluation and opined that plaintiff could stand for two to three hours in an eight-hour workday, walk for two hours in an eight-hour workday, and sit for two to three hours in an eight-hour workday. *PAGEID* 469. Plaintiff could lift 10 pounds occasionally and could not use her hands for repetitive pushing and pulling or fine manipulation.

*Id*.  Dr. Theobald opined that plaintiff could occasionally climb steps and never bend, squat, crawl, or climb ladders.  Plaintiff could reach above shoulder level, but not repetitively.  *PAGEID* 470.  Dr. Theobald further opined that plaintiff

> had vertigo [and] presumed infarction of her [left] ear. This has caused fall risks [and] issues w/vertigo.  She has had chronic back pain [and] eval. by pain specialists.  I have treated her for depression [and] anxiety sx as well. She had a seizure witnessed by her husband of unclear etiology [and] has been seen by neurology at OSU Medical Center – see their notes for specifics.

*Id*.  In a mental RFC evaluation completed the same day, Dr. Theobald opined that plaintiff was moderately impaired in 12 of 17 areas of functioning related to social interaction, sustained concentration and persistence, and adaptation, moderately to markedly impaired in one area, and mildly impaired in the remaining four categories.  *PAGEID* 471-73.

   The administrative law judge categorized Dr. Theobald as a treating source and summarized the physical limitations found in Dr. Theobald's physical capacity evaluation, but assigned "little" or "very little" weight to Dr. Theobald's opinions contained in the physical evaluation:

> While given some consideration, Dr. Theobald's opinion is entitled to little weight.  There are scant progress or treatment notes from the doctor that might otherwise support her opinion.  The totality of the medical evidence clearly illustrates that the claimant is not as limited as indicated by this doctor.  Additionally, Dr. Theobald did not have access to all of the medical evidence that is currently in the record.  Given the foregoing, Dr. Theobald's opinion regarding the claimant's physical limitations is entitled to very little weight.

6

*PAGEID* 52. The administrative law judge also considered Dr. Theobald's assessment of her patient's mental RFC:

> Dr. Theobald also completed a mental residual functional capacity assessment, indicating the claimant had mild to moderate impairment in social interaction; moderate impairment in sustained concentration and persistence; moderate impairment in adaptation; and moderate to marked impairment in her ability to remember locations, workday procedures and instructions. The doctor also noted the claimant's condition would likely deteriorate if she were placed under stress, particularly the stress of a job (Exhibit 20F/5-6). Although the doctor has treated the claimant for her depression and anxiety, Dr. Theobald does not appear to be a psychiatrist, psychologist or mental health specialist. Rather, it [sic] Dr. Theobald is a general practitioner. As such, her opinion appears to rest at least in part on an assessment of impairments outside the doctor's area of expertise. However, the undersigned not [sic] dismissed her assessment, has considered Dr. Theobald's assessment regarding the claimant's mental limitations to the extent that it helps understand how the limitations assessed affects the claimant's ability to work (*see* 20 CFR §404.1514(e)). Thus, the undersigned has given Dr. Theobald's opinion regarding the claimant's mental limitations was given [sic] some consideration in assessing the claimant's residual functional capacity.

*PAGIED* 52-53. Plaintiff contends that the administrative law judge failed to properly evaluate Dr. Theobald's medical opinion. *Statement of Errors*, pp. 7-13. This Court agrees that the administrative law judge erred in evaluating Dr. Theobald's mental RFC assessment.

The administrative law judge discredited Dr. Theobald's opinion regarding plaintiff's mental limitations solely on the basis that her assessment "rest[s] at least in part on an assessment of impairments outside the doctor's area of expertise." *PAGEID* 52-53. Although the administrative law judge is required to consider the medical specialty of the treating physician as one of a number of factors under *Wilson*, there is no indication that the administrative law judge considered

7

any of the remaining *Wilson* factors. *See Wilson*, 378 F.3d at 544. *See also* 20 C.F.R. § 404.1527(c)(2) ("When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). It is also unclear what weight the administrative law judge assigned to Dr. Theobald's opinion. The administrative law judge "considered Dr. Theobald's assessment regarding the claimant's mental limitations to the extent that it helps understand how the limitations assessed affects the claimant's ability to work (*see* 20 CFR §404.1514(e)" and gave it "some consideration." *PAGEID* 53. However, an administrative law judge is required to evaluate every medical opinion, regardless of its source. 20 C.F.R. § 404.1527(c). To the extent that the administrative law judge intended his "consideration" of Dr. Theobald's opinion to be an indication of the weight assigned to the opinion, the reasons for assigning that weight are unclear and not supported by substantial evidence. Notably, the regulation cited by the administrative law judge in support of his reasoning, 20 CFR § 404.1514, is titled "When we will purchase existing evidence" and does not contain a section (e), as cited by the administrative law judge. The administrative law judge simply has not provided reasons "sufficiently specific to make clear to any subsequent reviewers" the weight assigned to Dr.

8

Theobald's opinion or the reasons for assigning that weight.  *See Rogers*, 486 F.3d at 242.  Under these circumstances, the Court is unable to evaluate the administrative law judge's evaluation of Dr. Theobald's opinion or conclude that the evaluation is supported by substantial evidence.  The Court therefore concludes that the matter must be remanded for further consideration of Dr. Theobald's opinion.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** for consideration of the medical opinion of Dr. Theobald.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of*

9

*Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

April 22, 2014                                        *s/Norah McCann King*
                                                       Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge