IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Linda C. Durbin,

      Plaintiff,

     v.                     Case No. 2:13-cv-910

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

      Defendant.

ORDER

    Plaintiff Linda C. Durbin brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits.  This matter is before the court for consideration of defendant's May 6, 2014, objection to the April 22, 2014, report and recommendation of the magistrate judge, recommending that the court remand this action for further proceedings before the administrative law judge.  For the reasons stated below, the court overrules defendant's objection and adopts the magistrate judge's report and recommendation.

I. Standard of Review

    If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Defendant's Objection

Defendant objects to the finding of the magistrate judge that the administrative law judge did not properly evaluate the mental residual functional capacity ("RFC") assessment completed by Dr. Caryn Theobald, plaintiff's treating physician.

The Commissioner has implemented regulations concerning how medical opinions, including those of a treating physician, are to be weighed. The Commissioner has also issued a policy statement, Social Security Ruling 96-2p, 1996 WL 374188 (Soc. Sec. Admin. July 2, 1996), to guide an ALJ's assessment of a treating-source opinion. An opinion from a medical source who has examined a claimant is generally given more weight than one from a source who has not performed an examination. 20 C.F.R. §§404.1502,

2

404.1527(c)(1). An opinion from a medical source who regularly treats the claimant is afforded more weight than one from a source who has examined the claimant but does not have an ongoing treatment relationship. 20 C.F.R. §§404.1502, 404.1527(c)(2).

Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §404.1527(c)(2). The term "substantial evidence" denotes a quality of evidence amounting to "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *3. The conflicting substantial evidence "must consist of more than the medical opinions of nontreating and nonexamining doctors." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013)

Even if the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart*, 710 F.3d at 376. An opinion which does not warrant controlling weight "still must be weighed as

3

the regulations prescribe, with no greater scrutiny being applied to [the treating physician's] opinions than to those of the nontreating and nonexamining sources." *Gayheart*, 710 F.3d at 380.

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The Sixth Circuit has stated that it will not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion. *Gayheart*, 710 F.3d at 380.

The magistrate judge noted in the report and recommendation that Dr. Theobald treated plaintiff from at least January, 2010, through January, 2012 for various physical problems, depression, and anxiety. *See* Doc. 14, p. 5. Dr. Theobald's treatment records indicate that she treated plaintiff with medication for depression and general anxiety disorder during this time period. *See PAGEID* 446-453. On March 29, 2012, Dr. Theobald completed a mental RFC assessment. *See PAGEID* 469-473. In that assessment, Dr. Theobald opined that plaintiff exhibited mild impairment in her ability to work in coordination with others, to relate to the public, and to

4

maintain personal appearance and hygiene. Dr. Theobald further indicated that plaintiff had moderate impairment in her ability to accept instruction, to respond appropriately to co-workers, to complete work tasks at a consistent pace, to work in cooperation with others, to process subjective information accurately, to carry through with instructions and tasks, to maintain attention, to perform at expected production levels, to respond appropriately to changes in work setting, to be aware of normal hazards, to behave predictably, reliably, and in a stable manner, and to tolerate customary work pressure. Dr. Theobald felt that plaintiff had moderate to marked impairment in her ability to remember locations, workday procedures and instructions.

In his decision dated May 11, 2012, the administrative law judge discussed Dr. Theobald's assessment of plaintiff's mental RFC as follows:

> Dr. Theobald also completed a mental residual functional capacity assessment, indicating the claimant had mild to moderate impairment in social interaction; moderate impairment in sustained concentration and persistence; moderate impairment in adaptation; and moderate to marked impairment in her ability to remember locations, workday procedures and instructions. The doctor also noted the claimant's condition would likely deteriorate if she where placed under stress, particularly the stress of a job (Exhibit 20F/5-6). Although the doctor has treated the claimant for her depression and anxiety, Dr. Theobald does not appear to be a psychiatrist, psychologist or mental health specialist. Rather, it [sic] Dr. Theobald is a general practitioner. As such, her opinion appears to rest at least in part on an assessment of impairments outside the doctor's area of expertise. However, the undersigned not [sic] dismissed her assessment, has considered Dr. Theobald's assessment regarding the claimant's mental limitations to the extent that it helps understand how the limitations assessed affect[] the claimant's ability to work (see 20 CFR §404.1514(e)). Thus, the undersigned has given Dr. Theobald's opinion regarding the claimant's mental limitations ... some

5

consideration in assessing the claimant's residual functional capacity.

Doc. 9, *PAGEID* 52-53.

In reviewing the administrative law judge's discussion of Dr. Theobald's mental RFC assessment, the magistrate judge noted that the administrative law judge discredited Dr. Theobald's opinion regarding plaintiff's mental limitations "solely on the basis that her assessment 'rest[s] at least in part on an assessment of impairments outside the doctor's area of expertise.'" Doc. 14, p. 7 (citing *PAGEID* 52-53). The magistrate judge further observed that although the medical specialty of the treating physician is one of the factors which must be considered under *Wilson*, the decision gives no indication that the administrative law judge considered any of the remaining *Wilson* factors. Doc. 14, pp. 7-8.

The magistrate judge also found that it was not clear what weight the administrative law judge assigned to Dr. Theobald's opinion. Rather, the administrative law judge simply stated that he "considered Dr. Theobald's assessment regarding the claimant's mental limitations to the extent that it helps understand how the limitations assessed affects the claimant's ability to work (*see* 20 DFR §404.1514(e)" and that he gave it "some consideration." *PAGEID* 53. The magistrate judge stated, "To the extent that the administrative law judge intended his 'consideration' of Dr. Theobald's opinion to be an indication of the weight assigned to the opinion, the reasons for assigning that weight are unclear and not supported by substantial evidence." Doc. 14, p. 8. The magistrate judge also noted that the regulation cited by the administrative law judge in support of his reasoning, 20 C.F.R. §404.1514(e), does not relate to the evaluation of medical opinions

6

and contains no subsection (e). Doc. 14, p. 8.

The magistrate judge concluded,

The administrative law judge simply has not provided reasons "sufficiently specific to make clear to any subsequent reviewers" the weight assigned to Dr. Theobald's opinion or the reasons for assigning that weight. *See Rogers*, 486 F.3d at 242. Under these circumstances, the Court is unable to evaluate the administrative law judge's evaluation of Dr. Theobald's opinion or conclude that the evaluation is supported by substantial evidence.

Doc. 14, p. 8.

Defendant argues that it is obvious that the administrative law judge gave Dr. Theobald's mental health assessment little weight. Doc. 15, p. 1. Defendant argues that the administrative law judge was entitled to give little weight to Dr. Theobald's mental health assessment because her conclusions were not supported by any clinical or objective medical evidence, and because her progress and treatment notes did not support her findings. Doc. 15, pp. 2-3. Defendant argues that the evidence provided by Drs. Johnson, Umana, and Dietz, who were all psychologists, was entitled to more weight because they were specialists. Doc. 15, pp. 3-4. Defendant also contends that Dr. Theobald's assessment was inconsistent with the objective testing and observations of Dr. Johnson, and that the administrative law judge's finding that plaintiff's mental impairments were minimal were consistent with the opinions of Drs. Dietz and Umana. Doc. 15, pp. 4-7.

Regardless of the validity of these arguments, defendant's analysis of the record evidence cannot satisfy the obligation of the administrative law judge to conduct his own analysis of whether controlling weight should be accorded Dr. Theobald's opinion and to provide "good reasons" for why the opinion failed to meet the two

7

prongs of the treating physician controlling weight test. *See Gayheart*, 710 F.3d at 376-77 (noting that the failure to provide "good reasons" for not giving the treating physician's opinions controlling weight "hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation"). The "adjudicator" must decide whether the treating source's medical opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2. Likewise whether a medical opinion "is not inconsistent with the other substantial evidence in [the] case record" is "a judgment that adjudicators must make in each case." 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *3.

The court agrees with the finding of the magistrate judge that the administrative law judge failed to adequately explain what weight he was giving Dr. Theobald's opinion and why. The administrative law judge did not clearly specify the weight being given to Dr. Theobald's evaluation of plaintiff's mental RFC; rather, he simply stated that he was giving it "some consideration." *PAGEID* 53. In discussing Dr. Theobald's opinion, the administrative law judge did not refer to any "substantial evidence" in the record which he found to be inconsistent with that opinion. The administrative law judge stated that Dr. Theobald was not a mental health specialist, but he did not discuss the other §404.1527(c) factors, including the length, frequency, nature, and extent of the treatment relationship, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. *See Gayheart*, 710 F.3d at 376. Although a

8

verbatim recitation of these factors is not required, the administrative law judge had to provide "good reasons" for discounting Dr. Theobald's opinion which are "supported by the evidence in the case record, and ... sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers*, 486 F.3d at 242.  This the ALJ failed to do.

The court agrees with the conclusion of the magistrate judge that the administrative law judge's discussion of Dr. Theobald's opinion of plaintiff's mental RFC is inadequate to permit a meaningful review of the administrative law judge's evaluation of that opinion, and that remand is warranted for further consideration by the administrative law judge of Dr. Theobald's opinion.  In so ruling, the court expresses no opinion concerning what weight, if any, should be given to Dr. Theobald's opinion, or on the ultimate issue of whether plaintiff is entitled to disability benefits.

III. Conclusion

For the reasons stated above, the court overrules the Commissioner's objections (Doc. 15), adopts and affirms the magistrate judge's report and recommendation (Doc. 14), reverses the Commissioner's non-disability finding, and remands this case to the Commissioner under Sentence Four of § 405(g).  On remand, the administrative law judge shall further consider Dr. Theobald's medical opinion, particularly her assessment of plaintiff's mental RFC.  The administrative law judge shall determine if there are good reasons to find that Dr. Theobald's opinion as a treating physician is not controlling, and shall determine, upon consideration of the §404.1527(c) factors and the other evidence in

the record, what weight should be assigned to that opinion.  The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: May 14, 2014                    _____s/James L. Graham_____
                                      James L. Graham
                                      United States District Judge

10